12-2353-pr
*Lopez v. Graham*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

ERNESTO LOPEZ,

> *Petitioner-Appellant*,

> v.                                                          No. 12-2353-pr

HAROLD D. GRAHAM, Superintendent,

> *Respondent-Appellee.*

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Ernesto Lopez, *pro se*, Coxsackie, NY. |
| **FOR RESPONDENT-APPELLEE:** | Camille O'Hara Gillespie, Leonard Joblove, Amy Appelbaum, *for* Charles J. Hynes, Kings County District Attorney, Kings County District Attorney's Office, Brooklyn, NY. |

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's May 24, 2012 judgment is **AFFIRMED**.

Petitioner-appellant Ernesto Lopez, proceeding *pro se*, appeals from the District Court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. He argues that the state trial court deprived him of his right to counsel and due process by failing to give proper consideration to his motion to replace his court-appointed attorney. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### A.

We review *de novo* a district court's denial of a § 2254 petition. *See Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated a petitioner's claim on the merits, a federal court may grant habeas relief only if the state court's adjudication of that claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). An unreasonable application of federal law occurs when a "state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of [petitioner's] case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's application of federal law cannot be deemed unreasonable under § 2254(d)(1) "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Where there has been an adjudication on the merits in the state court proceeding, § 2254(d)(1) limits a federal court's review "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### B.

In this case, the District Court noted that no Supreme Court precedents directly addressed (1) whether a trial court violates a defendant's Sixth Amendment right to counsel by denying his request to replace his court-appointed attorney during trial (following a pre-trial reassignment motion), or (2) what kind of inquiry the trial court must make in order to determine whether such a

defendant is entitled to reassignment of counsel. In light of the lack of Supreme Court precedents directly on point, we conclude that the District Court properly held that the Appellate Division's rejection of Lopez's claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d); *see Miranda v. Bennett*, 322 F.3d 171, 178-79 (2d Cir. 2003) (affirming a district court's denial of habeas relief where a petitioner argued that "the trial court should have replaced his assigned counsel" because "no error [existed] in the district court's conclusion that the Appellate Division's rejection of those claims was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts").

Moreover, as the District Court found, the state trial court conducted a reasonable inquiry into Lopez's reassignment of counsel request, despite its initial statements that reassignment was "not going to happen" and that it had an apparent policy against "interrupt[ing] trials for the purpose of changing lawyers." Simply put, the record demonstrates that the state trial court reviewed Lopez's motion, which contained only conclusory statements and did not specifically address his issues with counsel, and gave Lopez an opportunity to explain his basis in court. In any event, even if the state trial court's inquiry was inadequate, the District Court correctly explained that such error was harmless as the grounds for reassignment given by Lopez at the time were insubstantial, and Lopez was competently represented by counsel throughout his trial. *See Norde v. Keane*, 294 F.3d 401, 412 (2d Cir. 2002) (noting that the failure of a trial court to inquire into a state prisoner's request for new counsel during trial did not warrant habeas relief because the record demonstrated that the petitioner "received vigorous and capable representation by his assigned counsel").

## CONCLUSION

We have considered all of Lopez's arguments on appeal and conclude that they are without merit. Accordingly, the May 24, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk